UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MADELINE GORIE<br>4154 East 136th Street<br>Cleveland, OH 44105<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC F/K/A<br>AMAZON.COM SERVICES, INC.<br>c/o Statutory Agent Corporation Service Company<br>50 West Broad St., Ste. 1330<br>Columbus, OH 43215<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Madeline Gorie ("Plaintiff"), by and through counsel, and for her Complaint against Amazon.com Services LLC f/k/a Amazon.com Services, Inc. ("Defendant"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, and for meal periods during which they performed worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S. § 203(e) and R.C. § 4111.03(D)(3).

6. Prior to January 12, 2018, Defendant was a foreign corporation, organized and existing under the laws of the State of Delaware, operating under the name Amazon Fulfillment Services, Inc., and was licensed to conduct business in the State of Ohio.

7. On January 12, 2018, Defendant began operating as Amazon.com Services, Inc., a foreign corporation, organized and existing under the laws of the State of Delaware, and licensed to conduct business in the State of Ohio.

8. Effective February 12, 2020, Defendant converted to, and began operating as Amazon.com Services LLC, a foreign domestic limited liability company, organized and existing under the laws of the State of Delaware, and licensed to conduct business in the State of Ohio.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as she used tools, products, and equipment that traveled in interstate commerce.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant operates warehouses fulfillment centers throughout Ohio.

15. Defendant employed Plaintiff between August 2019 and February 2020 as a warehouse worker in Defendant's fulfillment center located at 21500 Emery Rd, North Randall, OH 44128.

16. Other similarly situated employees were employed by Defendant as warehouse worker throughout Ohio ("Ohio Warehouse Workers").

17. Plaintiff and other similarly situated Ohio Warehouse Workers were classified by Defendant as non-exempt employees.

18. Defendant paid Plaintiff and other similarly situated Ohio Warehouse Workers on an hourly basis.

19. Plaintiff worked between 40 and 60 hours each week.

**(Failure to Pay for On-Duty Meal Periods)**

20. Plaintiff and other similarly situated Ohio Warehouse Workers were not provided with bona fide meal periods during which they were completely relived from duty.

21. Defendant provided Plaintiff and other similarly situated Ohio Warehouse Workers with an unpaid, 30-minute meal period each day which began while they are still on the warehouse floor.

22. Plaintiff and other similarly situated Ohio Warehouse Workers did not receive their full meal periods.

23. During the time that was considered their meal periods, Plaintiff and other similarly situated Ohio Warehouse Workers were required to walk from the warehouse floor to the breakroom to be able to eat their meal.

24. In addition, Plaintiff and other similarly situated Ohio Warehouse Workers were required to go through a mandatory security screening process to leave the warehouse floor.

25. It took Plaintiff and other similarly situated Ohio Warehouse Workers approximately 5 to 8 minutes to walk from the warehouse floor to the breakroom and another 5 to 8 minutes to walk from the breakroom to the warehouse floor.

26. As part of this mandatory pre-lunch security screening process, Plaintiff and other similarly situated Ohio Warehouse Workers waited in long lines leading up to the security screening areas.

27. Once Plaintiff and other similarly situated Ohio Warehouse Workers reached the security screening area, they proceeded through a metal detector. If the alarm sounded, a security guard individually searched Plaintiff and other similarly situated Ohio Warehouse Workers.

28. It took Plaintiff and other similarly situated Ohio Warehouse Workers several minutes to go through the security screening process.

29. Defendant did not allow Plaintiff and other similarly situated Ohio Warehouse Workers to go to lunch until they have successfully completed the security screening process.

30. Plaintiff and other similarly situated Ohio Warehouse Workers were required to be back on the warehouse floor at their assigned location prior to the expiration of their 30-minute meal period or they would be subject to discipline.

31. As a result of having to walk to and from the breakroom and go through a security screening within their 30-minute meal period, Plaintiff and other similarly situated Ohio Warehouse Workers routinely only received a 10 to 15-minute meal period.

32. Plaintiff and other similarly situated Ohio Warehouse Workers' supervisors(s)/manager(s) observed that they did not receive their full meal periods and/or performed work during meal periods.

33. As a result of Defendant's failure to pay Plaintiff and other similarly situated Ohio Warehouse Workers for meal periods during which they performed work, Plaintiff and other similarly situated Ohio Warehouse Workers were denied significant amounts of overtime compensation.

**(Failure to Keep Accurate Records)**

34. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated Ohio Warehouse Workers.

**(Defendant Willfully Violated the FLSA)**

35. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

37. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current hourly, non-exempt Ohio Warehouse Workers employed by Defendant who went through security screenings during 30-minute unpaid meal periods at any period of time between June 24, 2017 and the present.

38. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of at least several thousand persons.

39. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is a representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

40. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's practices and policies of not paying Plaintiff and other similarly situated Ohio Warehouse Workers for meal periods during which they performed work violated the FLSA, 29 CFR § 785.19.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated Ohio Warehouse Workers overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

44. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated Ohio Warehouse Workers violated the FLSA, 29 CFR § 516.2(a)(7).

45. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

46. As a result of Defendant's practices and policies, Plaintiff and other similarly situated Ohio Warehouse Workers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendant liable, and:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd.
Moreland Hills, OH 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

>/s/ Lori M. Griffin
>One of the Attorneys for Plaintiff